```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COREY BURRELL                    :      CIVIL ACTION
                                 :
        v.                       :
                                 :
FRANKLIN TENNIS, et al.          :      NO. 09-484
```

MEMORANDUM

Bartle, C.J.                                    September 21, 2010

Before the court is the application of Corey Burrell, a state prisoner, for a writ of habeas corpus under 28 U.S.C. § 2254. He seeks either a new trial or at least a remand to the Court of Common Pleas for Philadelphia County for re-sentencing.

After review of the state court record, Magistrate Judge Linda K. Caracappa filed a Report and Recommendation that the application be denied and dismissed. Burrell filed objections. The matter is now here for de novo review. See 28 U.S.C. § 636(b). When a Magistrate Judge has made a Report and Recommendation for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court "shall make a de novo determination of those portions of the recommendation to which [the] the objection is made. A judge ... may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate." 28 U.S.C. § 636(b).

I.

Burrell's application is governed by the AEDPA, which amended 28 U.S.C. § 2254. Under § 2254, when a federal court reviews a state court's determination of federal law, the state court's decision must stand unless it, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Thomas v. Carroll, 581 F.3d 118, 124 (3d Cir. 2009) (quoting 28 U.S.C. § 2254(d)). A state court decision is contrary to clearly established federal law if: (1) its conclusion is "opposite to that reached by this Court on a question of law," or; (2) it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court can unreasonably apply Supreme Court precedent in two ways: (1) "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

II.

On February 4, 2002, a jury in the Court of Common Pleas of Philadelphia found Burrell guilty of six counts of

robbery and one count each of aggravated assault, conspiracy, and possession of a criminal instrument.  He was sentenced to 23-46 years' imprisonment on March 28, 2002.  Soon thereafter, he filed a motion for reconsideration of sentence which was denied.

On direct appeal to the Pennsylvania Superior Court, Burrell argued that the trial court abused its discretion at sentencing by improperly considering his refusal to accept a plea offer and his failure to show remorse, and finally by failing to give proper consideration to his rehabilitation.  The Superior Court affirmed the trial court.  He did not move for an allowance of appeal to the Pennsylvania Supreme Court.

On June 2, 2004, Burrell filed, in the state court, a *pro se* petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq.  Burrell claimed that:  (1) he suffered an impermissibly suggestive in-court identification process at the preliminary hearing; (2) the trial court improperly admitted a handgun into evidence; and (3) the trial court erred in failing to start the trial promptly as required under Rule 600(g) of the Pennsylvania Rules of Criminal Procedure.  His counsel filed an amended petition, which added new claims.  One of the new claims averred that the trial court erred in admitting other act evidence and in failing to provide a limiting instruction to the jury regarding the use of this evidence. Additionally, Burrell asserts that trial counsel was ineffective for not appealing the admission of other act evidence and for not requesting a limiting instruction from the judge.

The PCRA court denied post-conviction relief. The Pennsylvania Superior Court affirmed.

Burrell filed a petition for allowance of appeal to the Pennsylvania Supreme Court in which he asserted that the Pennsylvania Superior Court erred in finding that certain documents were not a part of the certified record. The Pennsylvania Supreme Court remanded the matter to the Superior Court. The Superior Court, after reviewing the new information, reaffirmed the decision of the PCRA Court. The Pennsylvania Supreme Court denied Burrell's petition for allowance of appeal.

Magistrate Judge Caracappa addressed all five claims that Burrell initially raised in his timely § 2254 petition. However, he only briefed three of the five claims in his Memorandum of Law, and now only objects to the Magistrate Judge's Report and Recommendation with respect to those same three issues. He contends before this court that: (1) the trial court erred in admitting the introduction of other act evidence and counsel was ineffective for not appealing this issue and for failing to ask for a limiting instruction for the jury; (2) there were violations of due process, equal protection, and the prohibition against cruel and unusual punishment, when the trial judge sentenced him more heavily because of his refusal to accept a plea agreement; and (3) the state court erred in finding that counsel was not ineffective for failing to investigate and present juvenile court and mental health records in connection with his sentencing.

III.

The underlying facts of this case, as established at trial and viewed in the light most favorable to the Commonwealth, are as follows. On April 27, 2000, six college students were socializing in a house located at 534 North 35th Street in Philadelphia. Two of them, Jeffrey MacAdam and Ryan Mulrain, were residents and the four others, Jacob Nye, Gabrielle Moreno, Brendon Mahoney, and John Latacz, were visiting. At approximately 11 p.m. four males, including Burrell, co-defendant Rashad Cunningham, and co-conspirators Syheim Cunningham and Raheem Smith, knocked on the door, and MacAdam admitted them. MacAdam occasionally sold marijuana and believed that the four males were there to make a purchase. At that time Moreno and Nye were sitting on a couch in the front room. The other three college students, Latacz, Mahoney, and Mulrain were upstairs in Mulrain's loft bedroom.

After the four perpetrators entered the front room, MacAdam went back to his bedroom to retrieve the marijuana. The perpetrators asked MacAdam for an ounce of the drug, but MacAdam replied that he did not have that quantity. After hearing this Burrell went upstairs to Mulrain's loft bedroom. Rashad Cunningham, Syheim Cunningham, and Smith then pulled out their guns and held MacAdam, Moreno, and Nye at gunpoint. Rashad Cunningham struck MacAdam on the back of the head with his weapon. Rashad Cunningham, Syheim Cunningham, and Smith robbed MacAdam, Moreno and Nye of their money and MacAdam's drugs. In

the meantime, Burrell was upstairs robbing the victims on the second floor.

MacAdam, Moreno and Nye were forced up to Mulrain's loft bedroom. Once there all of the victims were forced to lie on the floor, and Burrell fired his gun at Latacz, hitting him in the leg. The four perpetrators then fled.

None of the perpetrators was caught until Syheim Cunningham was arrested on May 25, 2000. He subsequently gave a statement. Smith was arrested by the police on May 31, 2000, and thereafter agreed to cooperate. He identified Burrell, Rashad Cunningham, and Syheim Cunningham as participating with him in the robbery. Over two months after the robbery, on July 6, 2000, the police were able to arrange a drug buy from Burrell and Rashad Cunningham. As Burrell and Rashad Cunningham approached the undercover police officers, Burrell and Rashad Cunningham fled before any transaction took place and a high speed auto chase ensued. The chase ended when they were captured and arrested.

IV.

Burrell first objects to the Magistrate Judge's determination that the introduction of other act evidence during trial is only a state law claim and thus unreviewable by federal courts.

Burrell claims that the trial court erred in admitting evidence of other criminal acts because it was highly prejudicial. He contends that the circumstances surrounding his

arrest on July 6, 2000, over two months after the home invasion, should have been excluded, including the facts that the police officers had set up a drug buy with him and that he fled from police before the drug buy could be consummated. Additionally, Burrell claims that counsel was ineffective for not appealing the admission of this other act evidence, or for not seeking a limiting jury instruction.

The Pennsylvania Superior Court determined that Burrell's claims were without merit. It stated that, "the trial court was well within its discretion in admitting the challenged evidence." Commonwealth v. Burrell, No. 3507 EDA 2005 at 7 (Pa. Super. Ct. filed June 18, 2007). It explained that under Rule 404(b) of the Pennsylvania Rules of Evidence and according to Pennsylvania case law the other act evidence was admissible because it was "essential to explain the chain of events that formed the history of the case." Id. The Superior Court concluded that, "because counsel cannot be deemed ineffective for failing to pursue a baseless claim, Burrell's attempt to brand prior counsel ineffective for failing to appeal the admission of this evidence is without merit." Id.

This court cannot review the Superior Court's determination that the other act evidence was admissible as a matter of Pennsylvania law. In Estelle v. McGuire, the United States Supreme Court explained that, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S. 62, 67-68 (1991). Magistrate

Judge Caracappa determined that the Burrell's ineffectiveness of counsel claim was unreviewable because the state law claim was unreviewable and the "state law claim underlies Burrell's ineffectiveness of counsel claim." See Report and Recommendation, p. 9. She correctly cited Priester v. Vaughn, which explains that when the state court finds the underlying state law claim meritless and thus that the petitioner's counsel was not ineffective, the federal habeas court is bound by that ruling. 382 F.3d 394, 402 (3d Cir. 2004).

In addition, this court may only review Burrell's federal claims if those federal claims were presented to the state court for consideration. As the United States Supreme Court declared in O'Sullivan v. Boerckel, "before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." 526 U.S. 838, 842 (1999). See Estelle, 502 U.S. at 68.

Respondent contends that Burrell's federal claims made to this court have not been exhausted in the state courts. Respondent cites Gray v. Netherland, which explains that in order to exhaust state remedies, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." 518 U.S. 152, 162-63 (1996). A petition must state the federal claim in such a way that, "puts them [the state courts] on notice that a federal claim is being asserted." Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).

Burrell counters that the state court was put on notice of his federal claim of the erroneous introduction of the other act evidence without a proper limiting instruction when he stated that this violation "stripped [his] presumption of innocence." See Pet'r's Appellant Br. to the Superior Ct. of Pennsylvania at p. 15. Burrell maintains that using the phrase "presumption of innocence" constitutes the making of a federal claim because the presumption of innocence is a bedrock principle of our criminal law system. See Pet'r's Objections to the Report and Recommendation at p. 11.

Burrell's argument cannot prevail. The United States Supreme Court ruled in Duncan v. Henry, a § 2254 action, that although the petitioner had used the phrase "miscarriage of justice" in the state court, it was not sufficient to alert the court that a federal claim was being advanced. 513 U.S. 364, 365 (1995). The Supreme Court observed that "miscarriage of justice" could be a state claim as well as a federal claim. The Court noted that the petitioner had explicitly raised a due process violation for other claims but not with respect to that one. See id. at 366. Similarly, in this case, Burrell's "presumption of innocence" can encompass a state as well as a federal claim. He also explicitly raised a due process violation in connection with another claim but not with this other act evidence claim.

Burrell also made a passing reference in the state court that the other act evidence was so prejudicial that it "denied him the right to a fair trial". See Pet'r's PCRA Pet. at

p. 6.  However, our Court of Appeals held in Keller v. Larkins that numerous references to a right to a fair trial were not enough to establish that a petitioner had made a federal claim. 251 F.3d 408, 415 (3d Cir. 2001).  In sum, the courts of the Commonwealth of Pennsylvania were not put on notice about any federal constitutional claims by Burrell concerning the introduction at the trial of other act evidence or the failure of counsel to appeal that error or seek a limiting instruction.

Burrell is barred from seeking further relief in state court on this claim because the time to file another PCRA petition has expired.  See 42 Pa. Cons. Stat. § 9545(b)(1). Consequently, Burrell's federal claims on these issues are now procedurally defaulted.

This court can only consider Burrell's defaulted claims if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1999).  To prove cause for a procedural default Burrell must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules."  Id. at 753.  To show that there has been a fundamental miscarriage of justice, a petitioner must prove that he is innocent of the crime by presenting new evidence.  See McCleskey v. Zant, 499 U.S. 467, 494 (1991); Schlup v. Delo, 513 U.S. 298, 327 (1995).  Burrell has not come forward with evidence

that he is innocent of the crimes for which he was convicted. Accordingly, this court is unable to review Burrell's claims that the admission of other act evidence at his state trial violated any federal constitutional right or that his counsel was ineffective under the federal constitution in failing to appeal or seek a limiting instruction with respect to this evidence.

V.

In his second claim, Burrell asserts that the trial judge violated due process, equal protection, and the prohibition against cruel and unusual punishment, when she imposed a more severe sentence because of his refusal to accept a plea agreement and because of his decision to be tried by a jury. Burrell initially raised this federal claim in the state court, and consequently he has exhausted his state remedies. He objects to the Magistrate Judge's conclusion he failed to establish that the trial judge wrongfully gave him a longer sentence because he refused to enter into a plea agreement.

Burrell relies on the fact that he received a sentence of 23-46 years when the Commonwealth offered him a guilty plea agreement containing a recommendation of a sentence of 4-10 years. Burrell also puts forth as evidence the fact that his co-defendant Rashad Cunningham received a very similar sentence of 21-42 years, despite the fact that Rashad Cunningham had a more serious criminal history and was older.

We agree with the Magistrate Judge's determination that Burrell has failed to show any evidence that the trial judge

improperly gave Mr. Burrell a longer sentence because he refused the plea agreement and asserted his right to a jury trial. As Magistrate Judge Caracappa explained, the only time that the trial court judge discussed Burrell's refusal to accept a plea was before the trial even started. The trial judge made no mention of his refusal to accept the plea at sentencing which was months after the brief discussion regarding the plea agreement. Additionally the Magistrate Judge noted that the trial court judge, when explaining her reason for imposing similar sentences on the co-defendants, stated that Burrell was the person who actually shot one of the victims. Thus, we accept her recommendation to dismiss Burrell's second claim.

## VI.

Burrell makes a third claim where he has exhausted his state remedies. He maintains that his lawyer was ineffective for failing to present his "J" file to the trial court for sentencing. His "J" file contains his juvenile court and mental health records. He contends that if the trial judge had been able to view these documents she would have been more lenient in her sentencing as she would have seen that Burrell had come from a very sad and dysfunctional background and was in fact capable of rehabilitation.

The Magistrate Judge concluded that Burrell had not made a successful ineffective assistance of counsel challenge. She noted that the United States Supreme Court in <u>Strickland v. Washington</u> set forth a two pronged test that Burrell must satisfy

to establish this claim.  466 U.S. 668, 687 (1984).  Under this Strickland test, a petitioner must prove that:  (1) his attorney's performance was deficient, and (2) without counsel's deficient performance, there is a reasonable probability that the outcome of the case would have been different.  See id.  The Magistrate Judge explained that his claim failed the second prong of the Strickland test because Burrell did not establish that introducing his "J" file would have changed the outcome at sentencing.  The Magistrate Judge properly observed that Burrell's sad upbringing was evident in the reports the trial judge did review and was also thoroughly discussed during the testimony at Burrell's sentencing.  Magistrate Judge Caracappa also noted that the documents contained in the "J" file do not establish that the defendant was capable of being rehabilitated.  Even if the "J file" had been presented to the trial judge, there is not a reasonable probability that the sentence she imposed would have been different.  We agree with the Magistrate Judge's conclusions and adopt her recommendation that Burrell's third claim be dismissed.

## VII.

Accordingly, the application of Burrell for relief under 28 U.S.C. § 2254 will be denied.  No certificate of appealability will be issued.